UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HERBERT J. EAGLE THUNDER, | \* |
| | \* |
| Petitioner, | \* CIV 10-3001 |
| | \* |
| -vs- | \* OPINION AND ORDER |
| | \* DENYING MOTION TO VACATE |
| | \* AND |
| UNITED STATES OF AMERICA, | \* ORDER DENYING |
| | \* CERTIFICATE OF APPEALABILITY |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of two counts of aggravated sexual abuse and was sentenced on February 28, 1989, to concurrent terms of 365 months custody. Petitioner appealed and the United States Court of Appeals for the Eighth Circuit affirmed the convictions but remanded for recentencing. United States v. Eagle Thunder, 893 F.2d 950 (8th Cir. 1990). Petitioner was resentenced on October 29, 1990, to concurrent terms of 235 months custody. Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was denied. Petitioner appealed and the Eighth Circuit affirmed. Eagle Thunder v. United States, 1994 WL 776941 (8th Cir. 1994).

Petitioner was released from custody and began serving his term of supervised release in January of 2006. A petition to revoke supervised release was filed in February of 2008, alleging eleven violations of the conditions of supervision. Petitioner admitted to seven of the alleged violations and was sentenced on May 12, 2008, to 25 months custody followed by 35 months supervised release. He appealed his sentence and the Eighth Circuit affirmed. United States v. Eagle Thunder, 553 F.3d 605 (8th Cir. 2009). The mandate issued March 2, 2009.

Petitioner filed a timely motion to vacate, set aside, or correct his revocation conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion is 1) ineffective assistance of counsel, (2) violation of his Constitutional right to due process, equal protection and the prohibition against double jeopardy, and (3) alleged improper conduct by the supervising

probation officer. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

## I. Jurisdiction.

28 U.S.C. § 2255 gives district courts jurisdiction to entertain motions for relief from a prisoner "in custody" under sentence of a federal court. Petitioner was released from custody to begin serving his second term of supervised release on December 16, 2009. A person on supervised release is "in custody" for the purposes of § 2255. Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995), United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999), Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002). *See* Maleng v. Cook, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus.") Although petitioner is not physically in prison, he is "still subject to the restrictions on liberty that accompany a term of supervised release [which] carries with it the possibility of revocation and additional jail time." United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). This Court therefore has jurisdiction to consider petitioner's motion to vacate.

## II. Ineffective Assistance of Counsel.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id.*, *citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner has not identified any particular action or inaction on the part of counsel. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978). This claim has no merit and should be denied.

**III. Issues Waived.**

Petitioner contends that he did not receive an evidentiary hearing as to the alleged violations of supervised release, that the prosecution failed to disclose evidence, that he was subject to an unconstitutional search and seizure, and that he was subject to an unlawful arrest, all in violation of his Constitutional rights to due process and equal protection. All those claims should and could have been raised on direct appeal. Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Generally, "§ 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal." United States v. Eagle Thunder, 873 F.Supp. 1362, 1372 (D.S.D. 1994) (adopting the report and recommendation of Mark A. Moreno, U.S. Magistrate Judge). Petitioner has waived his right to collaterally challenge those alleged Constitutional violations.

In any event, petitioner waived the foregoing claims by his admission to a portion of the petition to revoke supervised release. Thundershield v. Solem, 565 F.2d 1018, 1026 (8th Cir. 1997) ("Once petitioner entered his plea of guilty to the offense charged he was not thereafter free to raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). These claims have no merit and should be denied.

**IV. Double Jeopardy.**

Petitioner claims that he was subject to double jeopardy. He does not identify how he was subject to double jeopardy. At the time I sentenced petitioner on the petition to revoke supervised release, I was aware that he had been arrested in September and October 2007, in Pennington County, South Dakota, for driving under the influence. He was sentenced on those

3

charges in state court on January 2, 2008. He admitted to paragraphs of the petition to revoke which charged that he had consumed alcohol on those occasions. He was therefore not subject to double jeopardy because he was not sentenced in federal court in this matter for driving under the influence.

In any event, although the Double Jeopardy Clause bars being "prosecuted twice by the same sovereign for the same acts, a subsequent prosecution by a separate sovereign does not violate the Constitution." Chavez v. Weber, 597 F.3d 796, 802 (8th Cir. 2007) (*quoting* United States v. Johnson, 169 F.3d 1092, 1095-96 (8th Cir.1999)). It is clear that the state prosecution for driving under the influence is independent of the federal revocation of supervised release for consumption of alcohol in violation of the terms of supervised release. This claim has no merit ans should be denied.

**V. Actions by Probation Officer.**

Petitioner contends that his Constitutional rights were violated because he was threatened by his probation officer and his probation officer recommended that petitioner's supervised release be revoked and that petitioner be sent back to prison. Petitioner also contends that his probation officer lied about petitioner's violations.

Petitioner admitted seven different violations of the conditions of his supervised release. He waived any claim that those alleged violations were false.

Petitioner claims that the alleged threats by his probation officer violated his constitutional rights. He does not identify any specific threat made nor what particular constitutional right that threat would violate. His claim is therefore insufficient. *See* Smith and Woods, *supra*. Relief under 29 U.S.C. § 2255 is limited to claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Petitioner's claim that he was threatened by his probation officer and his other claims are not congnizable in a §2255 proceeding.

4

Based upon the foregoing,

IT IS ORDERED that the motion to vacate, set aside, or correct revocation conviction and sentence, Doc 1, is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 5th day of May, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____ DEPUTY
(SEAL)

5